# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jami Khaliq, # 172330, ) | Civil Action No.: 2:02-4143-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Phillip McLeod, Warden; ) | |
| Florence Mauney, Captain; and ) | |
| Danieh Martin, Cpl., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is a state prisoner currently housed at the Allendale Correctional Institution. Plaintiff, appearing *pro se*, filed this action on December 20, 2002, pursuant to 42 U.S.C. § 1983, alleging that he did not receive notice of disciplinary charges twenty-four (24) hours prior to a disciplinary hearing, which he claims is a violation of the due process clause of the Fourteenth Amendment. The plaintiff is seeking injunctive relief and damages from the defendants, who are employees at the Perry Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on December 23, 2002, in which he recommended that the plaintiff's Complaint be dismissed *without prejudice* and without issuance and service of process pursuant to 28 U.S.C. § 1915A.

In reaching his recommendation, the Magistrate Judge cited Heck v. Humphrey, 512 U.S. 477 (1994) and Miller v. Indiana Dep't of Corrections, 75 F.3d 330 (7th Cir. 1996). The Miller Court, when dealing with a prisoner attempting to challenge the denial of good time credits under 42 U.S.C. § 1983,

held that Heck was applicable to administrative hearings. 75 F.3d at 331.[1] Thus, the Magistrate Judge found that the plaintiff had not established that the charges or convictions for which he was tried had been invalidated, and as a result a judgment in favor of the plaintiff in this case would imply the invalidity of those charges or that conviction.

The plaintiff filed objections to the Magistrate Judge's Report on January 2, 2003. On July 12, 2004, this case was transferred to the undersigned from The Honorable C. Weston Houck. After reviewing the plaintiff's objections to the Report, this court entered an Order on October 15, 2004, recommitting the matter to the Magistrate Judge. The court noted that the plaintiff alleged in his objections to the Report that he had utilized the SCDC grievance appeal process and "won" that appeal. Based on this allegation, this court requested that the Magistrate Judge issue an Order requiring the plaintiff to submit proof of his allegation that he had "won" his grievance appeal with the SCDC. The court further stated that if the plaintiff submitted adequate proof, the Magistrate Judge should reconsider the plaintiff's claim.

Thereafter, the Magistrate Judge issued an Order on November 10, 2004, directing the plaintiff to provide the requested information within 20 days. The plaintiff responded to the Order and provided a Step 2 grievance form.

On January 6, 2005, the Magistrate Judge issued a second Report and Recommendation. In this Report, the Magistrate Judge again recommends that this matter be dismissed pursuant to 28 U.S.C. § 1915A and the case closed. The Magistrate Judge cites to the decision by the SCDC officials on the Step 2 grievance form, which states:

---

[1] The court notes that after the Magistrate Judge's Report was filed the United States Supreme Court held in Muhammad v. Close, 540 U.S. 749 (2004), that Heck did not apply to the type of administrative proceeding at issue in this case.

> [b]ased on the fact that you were not provided twenty-four (24) hours notice as required, nor given the opportunity to waive this right, the conviction of Damaging and Destroying Property with a Value of Less Than $50 (3.12) from 6/7/00 will be overturned. Subsequently, the restitution of $32.61 will be removed from your restitution screen and library privileges reinstated. Therefore, your appeal is upheld.

See Attachment to Doc. #8.[2]

As such, the Magistrate Judge finds that since the plaintiff's conviction has been overturned, his privileges reinstated, and his restitution returned to him, the plaintiff obtained the relief he seeks in this action and thus it should be dismissed. The plaintiff filed objections to this second Report and Recommendation on January 14 & 18, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In the objections to the Magistrate Judge's second Report, the plaintiff acknowledges that because the conviction he complains of has been overturned his request for injunctive relief may be

---

[2] Although the plaintiff does not indicate such in the Complaint, this Step 2 grievance form reveals that the conviction for which the plaintiff complains of in his Complaint was overturned and his restitution was returned to him before the Complaint in this case was filed.

moot.[3] However, the plaintiff objects to the Magistrate Judge's recommendation to dismiss his case because he states that he still has a claim for damages for the alleged Fourteenth Amendment due process violation.

The United States Supreme Court held in Wolff v. McDonnell, 418 U.S. 539, 564 (1974), that an inmate is entitled to receive written notice of charges at least twenty-four hours in advance of a hearing to enable him marshal facts and prepare a defense. This court finds that while the plaintiff alleges in the complaint that he was not provided with such notice and that failure to do so allegedly violated his rights to due process, significantly, he does not allege any injury in the complaint which this alleged violation caused him. Although the Step 2 grievance form reveals that the plaintiff was convicted of damaging and destroying property with a value of less than $50 and restitution of $32.61 was placed on his restitution screen as a result of the disciplinary hearing at issue, the plaintiff does not allege this deprivation in his complaint. Therefore, this court finds that any entitlement to damages the plaintiff may have alleged in the complaint is not viable because he failed to state any injury in the complaint which would support a claim for damages. Likewise, this court notes, just as the Magistrate Judge, that plaintiff's conviction at the disciplinary hearing was overturned and his restitution was returned to him by virtue of the internal inmate grievance system. Thus, the court concurs with the Magistrate Judge's conclusion that the plaintiff has found redress for that which he complains of in this action.

The court also notes that the Step 2 grievance form indicates that the plaintiff's library privileges will be restored. Again, the plaintiff made no mention of such in his complaint, however, even if he

---

[3] This court expresses no opinion as to whether the plaintiff would be entitled to the injunctive relief initially requested in this § 1983 case.

4

had claimed such was a deprivation resulting from the disciplinary hearing in question, his case would still be subject to dismissal under 28 U.S.C. § 1915A because the plaintiff must show that his inability to access library materials has injured or prejudiced him. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

As discussed above, this court finds that the plaintiff has failed to allege or demonstrate any injury or prejudice, thus, this case should be dismissed under 28 U.S.C. § 1915A(b)(1) as it is frivolous and fails to state a claim. See Ruffin v. McGarritty, 113 Fed.Appx. 570 (4th Cir. 2004).

After careful consideration of the Report, pleadings, objections, and applicable law the court overrules all objections to the Magistrate Judge's Report and incorporates it herein as modified by this Order. Therefore, it is hereby **ORDERED** that this case be dismissed *without prejudice* and without issuance and service of process pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

December 30, 2005
Florence, South Carolina